# CASES

### IN THE

# APPELLATE COURTS OF ILLINOIS.

---

### SECOND DISTRICT—MAY TERM, 1890.

---

### HENRY L. HOSSACK
### v.
### MOSES Y. MOODY.

*Negotiable Instruments—Note—Payment—Instrument Comprising both Receipt and Contract—Parol Evidence.*

A written instrument may be both a receipt and a contract, in which case that portion operative as a receipt may be contradicted or explained like any other receipt.

[Opinion filed December 8, 1890.]

APPEAL from the County Court of La Salle County; the Hon. FRANK P. SNYDER, Judge, presiding.

Mr. FRANK G. ALLEN, for appellant.

Messrs. CAREY & TRAINOR, for appellee.

UPTON, J. This was a suit in assumpsit originally commenced before a justice of the peace in La Salle County, upon a promissory note of the following tenor, viz.:

"OTTAWA, Dec. 7th, 1880.

"For value received I promise to pay to the order of H.

L. Hossack one hundred dollars with interest at eight per cent per annum.

Signed,      "M. G. MOODY."

Upon trial before the justice of the peace the appellee, defendant below, had judgment, and appellant took an appeal to the County Court of La Salle County, in which latter court a trial was had before that court and a jury, resulting in a verdict for appellee of "no cause of action," upon which, after overruling a motion for a new trial, judgment was rendered, and a further appeal was taken to this court, and the record is now before us.

Appellant's counsel submits three propositions, upon which are based the grounds for reversing the judgment of the court below. 1st. The trial court erred in allowing parol explanation of a receipt in writing because the receipt embodied a contract in the same writing. 2d. The trial court erred in giving the jury appellee's instruction No. 1. 3d. The verdict is against the weight of the evidence.

It appears that appellant and appellee, for some years prior to the date of the note in suit, had business relations and dealings together, and some joint interest in a feed yard in Ottawa, La Salle county. Appellee contends that in July, 1880, he gave appellant his promissory note for $90.92 on interest; that subsequent thereto, and on the 7th of December, 1880, a settlement was had between the parties, of their business affairs to that date, including the note of $90.92 and interest thereon from its date until that time, and certain accounts on book, and that at that time and settlement the note in suit was executed, which included the $90.92 note of July, 1880, and interest thereon, and the balance due on account between the parties, and the $90.92 note was by agreement of the parties paid by including the same in the note in suit, and that some time thereafter, the note in suit was in fact paid to appellant in full, but that at the time of such payment the note could not be found, or was supposed to be lost, and neither the note for $90.92 nor the $100 note substituted therefor, were either of them delivered to appellee; that some time in 1888 appellant and appellee, being then

Hossack v. Moody.

about to sell and convey their interest in the feed yard, had a final settlement to that date, and appellee refused to convey his interest in the feed yard unless the appellant would give appellee a receipt showing the payment of the note now in suit. It is conceded that the note for $90.92 was included in another note given by appellee to appellant, but whether included in the note in suit, or in another, was a question sharply controverted on the trial below. In order to comply with appellee's wishes, and to effect the sale of the feed yard, the appellant and appellee stated the matter to one Thos. E. Mackinlay, an attorney at law, who at their request, drew a receipt, which was executed by appellant and Medora Hossack, his wife, and delivered to appellee, of the following tenor: "Received of Moses T. Moody, payment of a certain note of ninety dollars and ninety-two cents, which has been lost or mislaid, and we severally and jointly agree that if it shall come into the possession of any third party, we will defend said Moody against any suit brought for its collection in the hands of such third party," and bore date on or about July —, 1888. This note of $90.92 was spoken of by both parties, in their controversies, as the $100 note. Appellant, in his evidence, admits that this $90.92 was paid to him, by being included in another note given by appellee to him, but he claims that it was included in a note of $114.38, dated December 8, 1880, and not in the note in suit, which last named note appellant contends was given for money loaned, which is denied by appellee.

From the foregoing statement it will be seen that the questions of fact between the parties were sharply defined in the courts below, and the testimony sharply conflicting and irreconcilable in reference thereto.

First. Was the paper introduced in evidence (by parol evidence of its contents, the original having been lost or mislaid) in the nature of a receipt, so that it was subject to explanation by parol? It is conceded that a mere receipt is always subject to explanation or contradiction even by parol, but the rule is otherwise as to written agreements or contracts generally. In the case at bar, the paper writing introduced

was both a receipt and an agreement, or contract for indemnity. We perceive no reason why a written instrument may not be both a receipt and an agreement or contract, in which case that portion operative only as a receipt might be explained or contradicted, like any other receipt; but not so as to that part which contains the contract or agreement of the parties; that can not be so contradicted. This we understand to be the view taken by the Supreme Court in McCloskey v. McCormick et al., 37 Ill. 72. There the question was, whether the bill of sale offered in evidence was in the nature of a receipt, and subject to explanation, etc. The court say, " In that respect it speaks its own language." In the case at bar there is no attempt to enforce the agreement of indemnity, but simply to show the payment of the note to appellant, the original payee thereof. As to that issue, it was simply a receipt.

Second. The instruction given for appellee, No. 1, is claimed to be erroneous for the reason, as is said, that it assumes "that the receipt was given in settlement of all outstanding notes between the parties," when in fact there was no evidence of that character in the record. We do not think the instruction obnoxious to the criticism made by counsel. Moody, the appellee, testified as shown by the abstract that " the settlement upon which the receipt in question was given " was intended to cover the note in suit and *square up all claims between appellant and appellee.*" This, if true, would of course include all outstanding notes held by Hossack against Moody, as fully as stated in the instruction. The residue of the instruction is as to the question of the admissibility of the receipt in evidence at all, for the reason before stated and which objection we have shown is not well taken. There was no error in this instruction apparent to us.

Third. We have carefully examined the evidence in this case, and while it is sharply conflicting, we are not able to say the jury were not warranted therefrom in finding the verdict rendered in the case, or that the verdict is not fully justified by the evidence.

There being no sufficient error in this record of a reversable character appearing to us, the judgment of the court below must be affirmed. *Judgment affirmed.*